IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DONNA LEE TYSON,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>  Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:11-cv-00415<br><br>United States District Court<br>Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

  This matter was referred to Magistrate Judge Dustin Pead by District Court Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending before the Court is Plaintiff's appeal of the Commissioner of Social Security's decision denying her claim for Disability Insurance Benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401-33. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court recommends that the Commissioner's decision be AFFIRMED.

**PROCEDURAL HISTORY**

  On November 28, 2007, Plaintiff filed an application for disability insurance benefits, alleging an onset date of September 7, 2007 (Tr. 121-25, 136). Her application was denied (Tr. 73-76). Following an August 19, 2009 administrative hearing (Tr. 27-69), the administrative law judge (ALJ) concluded that Plaintiff was not disabled within the meaning of the Act because she could perform her past work as an office manager (Tr. 17-22). The Appeals

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

Council denied Plaintiff's request for review (Tr. 1-6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981.[2] This appeal followed.

## STATEMENT OF RELEVANT LAW

I.  **Definition of disability under the Act**

The Act states that an individual "shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The disabling impairment must last, or be expected to last, for at least 12 consecutive months. *See Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

II. **Process for determining disability under the Act**

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process. That process requires the adjudicator to consider whether a disability claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition that met or medically equaled the severity of a listed impairment; (4) could return to [her] past relevant work; and, if not, (5) could perform other work in the national economy. 20 C.F.R. § 404.1520(a)(4). If a decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. *Id*.

III. **Standard of review**

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal

---

[2] All citations to the Code of Federal Regulations (C.F.R.) are to the 2012 edition.

standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation and citation omitted). The Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Id.* Where the evidence as a whole can support either the agency's decision or an award of benefits, the court must affirm the agency's decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## DISCUSSION

**I.    The ALJ reasonably assigned "little weight" to the treating source opinions of Drs. Morgan and Brodke.**

Plaintiff urges this Court to find that the ALJ did not correctly assess the opinions of Drs. Morgan and Brodke. Defendant argues that the ALJ provided good reasons, based on substantial evidence in the record as a whole, for assigning those physicians' opinions "little weight." The Court agrees with Defendant.

Plaintiff's treating physicians, Drs. Morgan and Brodke, stated that Plaintiff was unable to work (Tr. 237, 296). Dr. Morgan also provided an opinion which assessed Plaintiff with several significant functional limitations (Tr. 239-46). The ALJ gave sufficiently good reasons for assigning those statements and opinions "little weight" (Tr. 21). 20 C.F.R. § 404.1527(c)(2) (ALJ will "always give good reasons" for the weight she assigns to a treating source's opinion); *accord Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). Specifically, the ALJ reasonably noted many ways in which those opinions were inconsistent with the record as a whole, including: the physicians' own treatment notes; Plaintiff's refusal to undergo more aggressive treatment; Plaintiff's positive response to physical therapy; and Plaintiff's daily activities (Tr. 21). 20 C.F.R. § 404.1527(c)(4) (stating an ALJ must consider opinion's consistency with the record as a whole); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d

3

1027, 1029 (10th Cir. 1994) (upholding an ALJ's decision to discount a treating physician opinion which was inconsistent with: his own treatment notes; the claimant's activities; and the treatment the claimant received).

Moreover, the ALJ considered the statements by Drs. Morgan and Brodke that Plaintiff was disabled or unable to work (Tr. 21, 237, 296), but correctly observed that opinions regarding the ultimate issue of disability are reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d); *accord Castellano*, 26 F.3d at 1029. The Commissioner's regulations make clear that the ALJ was not required to assign these statements any special significance. 20 C.F.R. § 404.1527(d)(3).

Plaintiff points to other evidence which might support assigning Dr. Morgan's and/or Dr. Brodke's opinions greater weight. However, it is not the role of the Court to displace the agency's reasonable conclusions with its own conclusions, even if it might have decided the issue differently. *Lax*, 489 F.3d at 1084. The Court finds that the ALJ came to a reasonable conclusion about the weight given to the opinions of Drs. Morgan and Brodke, and that this assessment was supported by substantial evidence.

**II.    The ALJ did not err in relying on the examining source opinion of Dr. Lee.**

Plaintiff urges the Court to remand the case because the ALJ did not discuss the weight she assigned to Dr. Lee's opinion and because she could not favor an examining source's opinion over a treating source's opinion. Defendant argues that Plaintiff was not prejudiced by the ALJ's failure to explain the weight she gave Dr. Lee's opinion and that an ALJ is permitted to assign greater weight to an examining source's opinion than she assigned to a treating source's opinion. The Court agrees with Defendant.

Dr. Lee examined Plaintiff, reviewed her diagnostic test results, and provided an opinion concerning her functional abilities and limitations (Tr. 211-23). Although the ALJ did not explicitly specify the weight she gave to Dr. Lee's opinion, she included, in her residual functional capacity assessment, each of the functional limitations Dr. Lee's opinion included (Tr. 19, 222-23). Thus, the Court concludes that the ALJ implicitly assigned great weight to Dr. Lee's opinion.

Plaintiff has not demonstrated that she was prejudiced by the ALJ's implicit findings. As the Tenth Circuit recently held in *Keyes-Zachary v. Astrue*, when the functional limitations expressed in a consultative examiner's opinion are not inconsistent with the functional limitations found in the ALJ's residual functional capacity assessment, any error by the ALJ in failing to specify the weight she assigned to those opinions is harmless. 695 F.3d 1156, 1163 (10th Cir. 2012) (holding that an ALJ's failure to assign weight to three different consultative examiner's opinions was harmless error). When an error is harmless, remands that would "needlessly prolong[] administrative proceedings" are not warranted. *Wall v. Astrue*, 561 F.3d 1048, 1069 (10th Cir. 2009). As such, the Court finds no basis to remand this case.

Furthermore, the Tenth Circuit has explained that an ALJ may assign greater weight to an examining source's opinion than to a treating source's opinion, as long as she gives good reasons for the weight she assigned to the treating source's opinion. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). The Court finds that the ALJ met this requirement by giving good reasons for the weight assigned to the opinions of Drs. Morgan and Brodke, and therefore did not err in implicitly relying on Dr. Lee's opinion.

**III.	The ALJ reasonably assessed the credibility of Plaintiff's statements.**

Plaintiff urges the Court to find that the ALJ's credibility assessment was insufficient. Defendant argues that the ALJ's credibility assessment was a reasonable conclusion supported by substantial evidence. The Court agrees with Defendant.

In assessing whether a claimant's statements to the agency are credible, the ALJ must consider all of the relevant evidence in the record and provide sufficiently specific reasons for her credibility determination.  20 C.F.R. § 404.1529(a), (c); *Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) (ALJ is not required to engage in "a formalistic factor-by-factor recitation of the evidence . . . [s]o long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility." (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000))). The ALJ sufficiently discussed the evidence and reasonably concluded that Plaintiff's testimony was inconsistent with other evidence in the record, including other portions of her testimony (Tr. 20-21).  *See* 20 C.F.R. § 404.1529(c)(4) (stating an ALJ may consider inconsistencies between a claimant's reported limitations and other evidence in the record); *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) (claimant's testimony, when contradicted by other testimony or disability reports filed with the agency, supports a finding of nondisability).

Plaintiff's challenge to the ALJ's credibility findings essentially asks the Court to reweigh the evidence.  The Court declines her invitation, especially in light of the deference those findings merit on review.  *See White v. Barnhart,* 287 F.3d 903, 910 (10th Cir. 2002) (ALJ's credibility findings warrant particular deference on review); *Lax*, 489 F.3d at 1084 (court may not substitute its reasonable conclusions for the ALJ's reasonable conclusions).

IV. **The ALJ reasonably concluded that Plaintiff could perform her past relevant work, and was therefore not disabled.**

Plaintiff urges the Court to find that the ALJ erred when she determined that Plaintiff could perform her past relevant work as an office manager.  Defendant argues that the vocational expert's testimony and other substantial evidence in the record as a whole supports the ALJ's finding.  The Court agrees with Defendant.

A vocational expert's response to an ALJ's hypothetical question is substantial evidence when the ALJ's question includes the same functional limitations found in her residual functional capacity assessment.  *See Qualls*, 206 F.3d at 1373.  Here, the vocational expert's testimony satisfied that requirement (*compare* Tr. 63 *with* Tr. 19).  As such, the Court finds that the ALJ did not err in relying on the vocational expert's testimony.

V. **After reviewing the evidence Plaintiff submitted to the Appeals Council, the Court finds that the new evidence provides no basis for disturbing the ALJ's decision.**

Plaintiff urges this Court to find that new evidence, given to the agency after the ALJ decided the case, provides a basis for the Court to remand her case for further consideration.  Defendant argues that the new evidence is irrelevant and would not have changed the ALJ's decision.  The Court agrees with Defendant.

After an ALJ decides a claimant's case, she may submit new evidence to the Appeals Council.  20 C.F.R. § 404.970(b).  However, evidence relating to a time period after the ALJ's decision is not relevant to a claimant's case.  *Id.*; *see also Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).  Thus, the question, on review, is whether the evidence evinces a reasonable probability that the ALJ, having considered it, would have changed her decision.  *See Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010).  Plaintiff's argument that it would leaves the Court unconvinced.  Much of Plaintiff's new evidence unambiguously relates to a time

period after the ALJ's December 2009 decision and is therefore not relevant to the case before the Court. The remaining evidence does not undermine the ALJ's findings because it does not demonstrate that Plaintiff's condition worsened or that she had additional functional limitations which might affect her ability to work. As such, the Court finds no basis for remanding this decision for further consideration.

## CONCLUSION AND RECOMMENDATION

The Commissioner's decision is supported by substantial evidence and free from harmful legal error. Accordingly, IT IS HEREBY RECOMMENDED to the District Court that the ALJ's determination that Plaintiff should be denied Social Security benefits be AFFIRMED.

Copies of the foregoing report and recommendation will be mailed to all parties; they are hereby notified of their right to object. Any objection must be filed within 14 days after being served with a copy.[3] Failure to object may constitute wavier of objections upon subsequent review.

Dated this 4th day of March, 2013.

_____
DUSTIN B. PEAD
UNITED STATES MAGISTRATE JUDGE

---

[3] *See* Fed. R. Civ. P. 72(b)(2).