IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DONNA LEE TYSON,<br><br>                Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br>                Defendant. | **MEMORANDUM DECISION and ORDER OVERRULING OBJECTIONS and ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:11-cv-415-DN-DBP<br><br>District Judge David Nuffer<br>Magistrate Judge Dustin B. Pead |

Plaintiff Donna Lee Tyson timely filed objections[1] to the Report and Recommendation (R & R) issued on March 4, 2013. The report recommends that this court affirm "the Commissioner of Social Security's decision denying [Ms. Tyson's] claim for Disability Insurance Benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401-33."[2] For the reasons discussed below, the court OVERRULES the objections, ADOPTS the R & R and AFFIRMS the Commissioner's decision denying benefits.

## BACKGROUND

This case was referred to Magistrate Judge Dustin Pead under 28 U.S.C. § 636(b)(1)(B).[3] After considering the parties briefs[4] and oral argument,[5] Judge Pead issued an R & R recommending that this court affirm the Commissioner's decision denying disability benefits

---

[1] Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Objection), docket no. 45, filed March 15, 2013.

[2] Report and Recommendation (R & R) at 1, docket no. 43, filed March 4, 2013.

[3] *See* Order Referring Case, docket no. 28, filed May 22, 2013; reassigned to Magistrate Judge Dustin Pead, filed August 28, 2012.

[4] Plaintiff's Brief, docket no. 22, filed October 27, 2011; Defendant's Answer Brief, docket no. 25, filed December 28, 2011; Plaintiff's Reply Brief, docket no. 26, filed January 13, 2012.

[5] Minute Entry for Hearing, docket no 42, filed February 26, 2013.

because the decision was "supported by substantial evidence and free from harmful legal error."[6] Ms. Tyson objects to Judge Pead's recommended findings that: "(1) the Administrative Law Judge ('ALJ') properly weighed the medical opinion evidence; (2) the ALJ properly rejected Ms. Tyson's credibility; (3) the ALJ relied upon appropriate vocational expert testimony; and (4) that new evidence submitted to the Appeals Council did not warrant remand for further consideration."[7]  The Commissioner filed a response to the objections urging the court to accept Judge Pead's recommendation to affirm the Commissioner's final decision.[8]

## DISCUSSION

**Standard of Review**

Under 28 U.S.C. § 636(b)(1)(C), when a party files an objection to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  [The district judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Under de novo review, this court will use the same standard set forth in the R & R[9] and review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied.[10]  But the court will not reweigh the evidence or substitute its judgment for the Commissioner's.[11]

---

[6] R & R at 8.

[7] Objection at 2.

[8] Defendant's Response to Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Response), docket no. 46, filed March 27, 2013.

[9] R & R at 2-3.

[10] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[11] *Id.*

## ALJ Properly Weighed Treating Physicians' Medical Opinion Evidence

Ms. Tyson argues that the R & R errs in finding that the ALJ properly assigned little weight to the opinions of the treating physicians, Drs. Morgan and Brodke. Both doctors provided opinion letters stating that Ms. Tyson was unable to work.[12] Dr. Morgan also opined that Ms. Tyson had several functional limitations.[13] As required under 20 C.F.R. § 404.1527(c)(2)[14] and after considering the entire record, the ALJ provided good reasons supported by substantial evidence for assigning the opinions "little weight."[15] The ALJ specifically addressed how the opinions were inconsistent with the record and the physicians' own treatment notes, including Ms. Tyson refusing medical advice to undergo more aggressive treatment, her positive response to physical therapy, and her daily activities.[16] Ms. Tyson attempts to direct the court to other evidence that could support a different outcome.[17] However, under the standard of review in this case, the court cannot reweigh the evidence or substitute its own judgment in place of the Commissioner's reasonable conclusions.[18]

The Commissioner's Response addresses two new arguments Ms. Tyson raises in her Objection that she failed to raise in her opening brief before Judge Pead: (1) that she did not refuse medical advice to undergo surgery, but only sought to delay it, and (2) that her activities of daily living did not mean she could perform light or sedentary work.[19] As noted by the

---

[12] *See* Administrative Record (R.) at 237, 296, docket no. 10, filed September 8, 2011.

[13] R. at 239-46.

[14] "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."

[15] R. at 21.

[16] *Id.*

[17] Objection at 2-4.

[18] *Lax,* 489 F.3d at 1084.

[19] Response at 2-4.

Commissioner, Ms. Tyson has waived these new arguments because she failed to raise them before the magistrate judge in her opening brief.[20] Consequently, she "may not seek review of the magistrate judge's recommendation on th[ese] ground[s]."[21]

### ALJ Did Not Err in Relying on Dr. Lee's Examining Source Opinion

Ms. Tyson argues that the ALJ erred in assigning more weight to Dr. Lee's opinion as an examining source than was assigned to the treating physicians' opinions.[22] She claims that there is no reason to deviate from the general rule that a treating physician's opinion is normally favored over that of a consulting physician.[23] Yet the Tenth Circuit has explained that when an ALJ relies on an examiner's opinion, she must provide "good reasons in h[er] written decision for the weight [s]he gave to the treating physician's opinion."[24] As explained above, the ALJ provided good reasons for the lesser weight assigned to the treating physicians, and therefore, did not err in relying on Dr. Lee's opinion.

### ALJ's Assessment of Credibility

Ms. Tyson claims "the ALJ failed to give sufficient reasons for rejecting [her] testimony."[25] She points to statements and evidence that, if reconsidered, would show that her subjective statements are more credible. The ALJ set forth the specific evidence and reasons

---

[20] *See Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

[21] *Rothwell v. Barnhart*, No. Civ.A. 05-2142-KHV, 2006 WL 1789157, at *1 (D. Kan. June 27, 2006).

[22] Objection at 4-5.

[23] *Id.* at 5 (citing to *Reid v. Chater*, 71 F.3d 372, 374 (10th Cir. 1995)).

[24] *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).

[25] Objection at 6.

supporting her credibility assessment as required.[26]  Further, the court will not reweigh the evidence, but will defer to the ALJ's adequately supported credibility determination.[27]

### Vocational Expert Testimony

Ms. Tyson contends that the hypothetical based on the ALJ's residual functional capacity (RFC) assessment and the vocational expert's testimony is flawed.[28]  The ALJ's hypothetical question to the vocational expert included all the limitations that the ALJ ultimately included in the RFC assessment.[29]  That is exactly what is required for the ALJ to rely on the vocational expert's response to the hypothetical question.[30]  Therefore, the vocational expert's answer to the hypothetical question provided a proper basis for the ALJ's disability decision.[31]

### New Evidence Submitted to Appeals Council

Finally, Ms. Tyson claims that the R & R errs in finding that the new evidence of mental impairments she provided to the Appeals Council does not require a remand for further consideration.  She argues that the Appeals Council did not consider the newly submitted evidence because it found Mr. Krayne's therapy notes and findings did not relate to the period at issue in this case.[32]  But the Notice of Appeals Council Action[33] specifically states that the new evidence was considered as part of its evaluation, but also specifically (and correctly) found it was not relevant to the time period at issue in this case.

---

[26] R. 20-21; 20 C.F.R. § 404.1529(a), (c); *Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000).

[27]*See White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2002) ("ALJ's credibility findings warrant particular deference.")

[28] Objection at 7.

[29] C*ompare* R. 19 *with* R. 63 (RFC limitations match limitations in hypothetical question).

[30] *See Qualls*, 206 F.3d at 1373.

[31] *Id.*

[32] Objection at 8 (citing R. 2, Notice of Appeals Council Action at 2).

[33] R. 1-6.

We also looked at Treatment records from Karl F. Krayne, M.S., C.R.C., N.C.C., L.P.C. dated April 30, 2010 through May 28, 2010. The Administrative Law Judge decided your case through December 23, 2009. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 23, 2009.[34]

The additional evidence from Mr. Krayne relates to a time period after the ALJ's decision in December 2009 and as such, it is not relevant to claimant's case.[35] Because Mr. Krayne's treatment reports are not chronologically relevant, "there is no reasonable possibility that [the evidence] would have changed the outcome" of the case.[36]

## ORDER

For the reasons discussed above,

IT IS HEREBY ORDERED that Ms. Tyson's objections[37] to the Report and Recommendation are OVERRULED.

IT IS FURTHER ORDERED that Report and Recommendation affirming the Commissioner's decision is ADOPTED in all respects.

Signed April 22, 2013.

BY THE COURT

_____
District Judge David Nuffer

---

[34] R. 2.

[35] 20 C.F.R. § 404.970(b); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).

[36] *Chambers*, 389 F.3d at 1144 (internal quotations and citation omitted).

[37] Docket no. 45.